UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH IGNATIUS AITCHESON,
           Petitioner,

v.    CIVIL ACTION NO. 15-11123-NMG

YOLANDA SMITH,
           Respondent.

MEMORANDUM AND ORDER

GORTON, D.J.

BACKGROUND

On April 30, 2015, this Court issued a Memorandum and Order (Docket No. 16) dismissing petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention pending removal from the United States. The dismissal was based on two reasons. First, petitioner had failed to pay the $5.00 filing fee for the petition or seek a waiver thereof as directed. Second, the Respondent's representations in her Motion to Dismiss -- that petitioner's removal from the United States was in the reasonably foreseeable future and that steps were being taken to effect removal by transferring the petitioner to another jurisdiction -- provided a well-founded basis to deny the petition. Nevertheless, the petition was dismissed without prejudice to renewal of a § 2241 habeas petition in the District to which petitioner was transferred if he was not removed in the reasonably foreseeable future.[1] Since the

---

[1] The Court notes that it has been more than six (6) months since respondent's April 27, 2015 Status Report (Docket No. 13) indicating that petitioner's removal was significantly likely to occur in the reasonably foreseeable future. Since petitioner is no longer in this District and this Court lacks jurisdiction over petitioner's immediate custodian, this Court cannot grant habeas relief. Petitioner may seek habeas relief in the District in which he is detained, if appropriate.

dismissal of this action, petitioner has filed motions seeking relief from judgment and this Court has denied such relief.

On November 17, 2015, petitioner filed a Notice (Docket No. 28) requesting docket transcripts and requesting appointment of counsel. Two days later, petitioner filed a Notice of Change of Address (Docket No. 31) indicating that he was transferred from the Suffolk County House of Correction in Boston, Massachusetts ("SCHC"), to the Etowah County Detention Center in Gadsden, Alabama. On December 2, 2015, this Court granted petitioner's request for docket transcripts by directing the clerk to mail the petitioner copies of certain docket entries at his new address; however, the Court denied petitioner's request for appointment of counsel. See Order (Docket No. 28).

Also on November 17, 2015, petitioner filed a letter with this Court (Docket No. 29), dated November 9, 2015, advising that he had submitted an Administrative Complaint,[2] presumably pursuant to the Federal Tort Claims Act ("FTCA"), with respect to an injury sustained while detained in the custody of the U.S. Immigration and Customs Enforcement at the SCHC. He requested this Court's assistance and relief in the form of $250,000.00 in compensatory and punitive damages for his pain and suffering. Specifically, he contended that he fractured his ankle due to the negligence of SCHC staff and a nurse who neglected to provide him with immediate emergency medical attention. At some point thereafter, petitioner underwent surgery at the Lemuel Shattuck Hospital ("LSH"). He alleges that he contracted the Hepatitis C virus due to the negligence of LSH staff during this surgery. Further, after the

---

[2] Petitioner also alleges he has filed the Standard Form (SF-95 (Rev. 7-85)) (Claim for Damage, Injury, or Death) prescribed by the U.S. Department of Justice pursuant to 28 C.F.R. 14.2.

surgery, petitioner claims that SCHC staff placed him in a cell with another inmate who had the Methicillin-resistant Staphylococcus aureus ("MRSA") virus, although he does not state whether he also contacted MRSA.

Attached to his letter, petitioner submitted a copy of a letter (Docket No. 29 at 5-7) from the Department of Homeland Security ("DHS"), dated November 3, 2015, acknowledging receipt of petitioner's complaint on September 29, 2015 and assigning the complaint a case number. The letter advised of the process for review and/or investigation by the DHS Office of Inspector General. Further, the letter advised that the complaint process did not provide individuals with legal rights or remedies and advised that petitioner may wish to consult with an attorney. Id. at 5.

## DISCUSSION

To the extent that petitioner seeks to have this Court award him monetary damages for injuries sustained while awaiting deportation, this case is not the appropriate vehicle to assert such claims. First and foremost, this case is closed on the Court's dockets and cannot be resurrected to assert new claims against different partes. Second, this case was a § 2241 habeas petition involving a challenge to continued detention; it was not considered to be a civil (non-habeas) action that would permit the recovery of monetary damages. Third, in order to assert a civil claim for monetary damages, the petitioner must pay a $350.00 filing fee and a $50.00 administrative fee or seek a waiver thereof pursuant to 28 U.S.C. § 1915 demonstrating that he lacks sufficient funds to pay the filing fee and administrative fees.[3]

---

[3] Generally, apart from the differences in filing fee obligations, there are other substantial distinctions between habeas cases and civil actions, as, for instance, in the availability of a jury trial and the availability for funds for appointment of counsel in habeas cases (versus pro bono counsel, where representation by counsel is uncompensated).

3

Finally, a case is commenced in this Court by the filing of a "Complaint."  See Fed. R. Civ. P. 3.  The Federal Rules of Civil Procedure provide for the form and substance of a Complaint.  Under Rule 10, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances..." Fed. R. Civ. P. 10(b).  Further, under Rule 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

Here, petitioner's letter (Docket No. 29) does not meet these pleading standards and is not deemed to be a Complaint.  Accordingly, should petitioner seek to pursue a civil action in this Court, he must: 1) pay the $350.00 filing fee and the $50 administrative fee or file a Motion for Leave to Proceed *in forma pauperis* along with his certified inmate account statement in order to demonstrate that he lacks sufficient funds to pay those fees; and 2) file a "Complaint" that comports with the pleading requirements or Rules 8 and 10 of the Federal Rules of Civil Procedure.  The Complaint should provide information including a brief statement indicating

who (name of defendant), did what (wrongful action alleged), when (date), where (location) and why (reason for the alleged conduct). The Complaint also should identify the legal cause of action upon which the claim is based (*e.g.,* civil rights, Federal Tort Claims Act), and the relief sought for each claim.

One final point. It appears from his letter that petitioner is attempting to assert an FTCA claim(s) for the negligence of governmental employees, although he does not identify clearly whether his claims are based on misconduct by federal actors or state actors. See 28 U.S.C. §1436(a), §2671 *et seq*. The United States has waived its sovereign immunity for certain common law torts for monetary damages under the FTCA, including a waiver of immunity with respect to negligent or wrongful acts of federal employees, see McNeil v. United States, 508 U.S. 106, 111-13 (1993); however, application of the statute is not triggered in the absence of an allegation that an administrative claim has been presented in accordance with 28 U.S.C. §2675.[4]

---

[4]Section 2675 provides in relevant part, that:

> [A]n action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. See 28 U.S.C. §2675(a). The failure to allege presentation is fatal to a plaintiff's complaint. See, e.g., United States v. Kubrick, 444 U.S. 111, 113 (1979) (action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency); accord Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) (same). If a claimant fails to comply with this requirement, his claim is "forever barred." 28 U.S.C. §2401(b).

28 U.S.C. § 2675. In an FTCA claim, the proper defendant is the United States, and federal employees are not liable under the FTCA for actions occurring while acting within the scope of employment.

Because the FTCA waives sovereign immunity, the notice of claim required to be filed in order to begin the administrative review must be strictly construed. See Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir.1983); Byrne v. United States, 804 F. Supp. 577, 579 (S.D.N.Y.1992). A plaintiff asserting an FTCA claim has the burden to establish that he has filed such a claim. DiLorenzo v. United States, 496 F. Supp. 79, 84 (S.D.N.Y.1980). In order to discharge this burden, a plaintiff must allege in the civil complaint circumstances indicating the presentation of the administrative claim to, and final disposition of the claim by, the appropriate federal agency. In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir.1987); Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir.1972).

Here, petitioner's letter references an administrative complaint, but fails to include sufficient information as to whether he has complied with the FTCA's administrative claim requirement and whether he has received a final administrative decision. In the absence of such information, this Court would lack subject matter jurisdiction over an FTCA claim. Notably, the petitioner cannot file an FTCA suit while his administrative complaint is pending. He must have received a final agency decision before filing suit. The fact that a plaintiff intends to exhaust his administrative remedies does not give the court jurisdiction over his FTCA claims where none existed at the time the action was filed. See McNeil, 508 U.S. at 111-12 ("The most natural reading of the [FTCA] statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions...."); Barrett *ex rel.* Estate of Barrett v. United States, 462 F.3d 28, 36-38 (1st Cir. 2006) (where plaintiff exhausted administrative

remedies after filing action in court but before defendants were served, court was without jurisdiction over the FTCA claim; § 2675(a) provides that an FTCA action may not be "instituted" unless the claimant first presents the claim to the appropriate federal agency, and the claim is finally denied).

In light of this, should petitioner seek to file a Complaint asserting an FTCA claim, he must demonstrate that the Court has subject matter jurisdiction over such claim, by showing that he has made proper administrative presentment, that he has received a final agency decision and that he has filed his lawsuit in a timely fashion after the final agency decision was rendered.[5]

In order to facilitate the petitioner should he wish to file a civil action, the clerk shall send petitioner a blank Application to Proceed Without Prepayment of Fees and Affidavit form along with the Court's *Pro Se* Step by Step Guide.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1) Petitioner's request (contained in letter (Docket No. 29)) for the Court's assistance and for an award of damages in connection with injuries allegedly sustained while awaiting removal, is <u>DENIED</u> without prejudice, as his civil claims cannot be asserted in this closed habeas case;

2) Should petitioner seek to assert a civil claim in connection with injuries allegedly sustained while awaiting removal, he must file a "Complaint" and set forth plausible claims upon which relief may be granted in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure and must demonstrate the subject matter jurisdiction of the Court; and

3) Should petitioner seek to file a Complaint in connection with injuries allegedly sustained while awaiting removal, he must pay the $350.00 filing fee and the $50.00 administrative fee of the Court, or he must seek a waiver thereof by filing a Motion for Leave to proceed

---

[5] Similarly, to the extent that petitioner seeks to assert negligence claims by state employees, the Massachusetts Tort Claims Act ("MTCA") contains similar presentment requirements. Mass. Gen. Laws ch. 258, § 4.

*in forma pauperis* accompanied by his certified inmate account statement showing that he lacks sufficient funds to pay the fees.

SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: December 10, 2015