United States District Court
District of Massachusetts

| | |
|---|---|
| JOSEPH IGNATIUS AITCHESON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HOLDER, JR. et al., ) | Civil Action No. |
| ) | 15-11123-NMG |
| Defendants. ) | |

## MEMORANDUM & ORDER

GORTON, J.

This case involves a removal order, filed in February, 2014, which followed several criminal convictions of Joseph Ignatius Aitcheson ("petitioner"), a lawful permanent resident from Jamaica. In March, 2015, petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241. This Court granted respondent's motion to dismiss the petition the following month.

Pending before the Court is petitioner's motion to amend or alter the judgment of this Court. For the reasons that follow, petitioner's motion will be denied.

I. **Petitioner's Motion to Amend or Alter Judgment**

Pursuant to Fed. R. Civ. P. 59(e), petitioner requests that this Court alter or amend the judgment because 1) petitioner's Reid II class membership requires that his habeas petition move forward, 2) this Court has jurisdiction to rule on the matter

-1-

pursuant to 28 U.S.C. § 2241 and 3) if this Court does not rule on the matter, this Court should transfer the case to the Fifth Circuit pursuant to 28 U.S.C. § 1631.

Respondent contends that petitioner's motion to alter or amend the judgment should be denied on any of the following grounds: (1) petitioner's Rule 59(e) motion was untimely; (2) this Court does not have jurisdiction over petitioner's habeas petition; and (3) petitioner's assertion that he is a Reid II class member is both untimely and moot. This Court agrees with respondent's first two arguments, which are both dispositive, and therefore declines to address petitioner's Reid II argument.

## II. Legal Standard

The applicable rule permits a party to move to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Furthermore, "[a] court must not extend the time to act" under that rule. Fed. R. Civ. P. 6(b)(2). A motion filed pursuant to Rule 59(e) is

> appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). The Court need not reach the merits of the motion if it is not filed within the requisite 28 days. Air Line Pilots Ass'n v. Precision

Valley Aviation, Inc., 26 F.3d 220, 226 (1st Cir. 1994)("Under First Circuit precedent, an untimely Rule 59(e) motion may be dismissed summarily by the trial court.")

### A. Application

Petitioner's motion is untimely pursuant to the 28-day requirement in Rule 59(e). The Court dismissed the habeas petition in April, 2015. Petitioner alleges that he never received notice of the dismissal because he was transferred to a prison outside of Massachusetts. The Court reissued the order of dismissal on September 25, 2015. Petitioner filed his Rule 59(e) motion on October 26, 2015, 31 days after the Court reissued the dismissal of his habeas petition. Rule 6(b)(2) forbids the court from extending the time to act under Rule 59(e). This Court need not consider the merits of petitioner's motion to amend or alter the judgment because the finding of untimeliness is dispositive. In the interest of completeness, it will nevertheless do so.

### B. Jurisdiction for Habeas Petitions

Even if petitioner's motion were timely, this Court lacks jurisdiction to decide it. Jurisdiction for a habeas petition lies in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426 (2004), citing 28 U.S.C. § 2241. When challenging his present physical custody, a petitioner "should name his warden as respondent and file the petition in the district of confinement." Id. at 428. In support for that rule, the Padilla Court reasoned

that the respondent in habeas petitions must be able to produce the prisoner's body before the district court of confinement. Id. at 427.

One exception to the Padilla rule applies in the event that a prisoner files a habeas petition and is subsequently transferred outside of the jurisdiction in which he filed. Ex Parte Mitsuye Endo, 232 U.S. 283, 306 (1944). The Endo Court held that transfer of the prisoner to another district

> did not cause [the original district] to lose jurisdiction where a person in whose custody [the prisoner] is remains within the district.

Id. The prisoner in Endo remained at all relevant times in custody of the assistant director of the War Relocation Authority. Id. at 294. The assistant director resided in the prisoner's original district, allowing the Court to conclude that the district court in which the petition was originally filed retained jurisdiction over the petition subsequent to the transfer. Id. at 305. The Endo Court sought to prevent the government from sidetracking "a properly-filed habeas petitioner by changing the petitioner's place of detention after the court's jurisdiction had attached." See Vasquez v. Reno, 233 F.3d 688, 695 (2000), citing Endo, 323 U.S. at 307.

The instant case is distinguishable from Endo because no individual in the District of Massachusetts has retained custody of petitioner. Petitioner was transferred out of the District of

-4-

Massachusetts to the Etowah County Detention Center in Gadsden, Alabama shortly after he filed his habeas petition. It follows that the proper respondent in petitioner's challenge is not a Massachusetts resident or United States Attorney General Eric Holder, as petitioner listed in his motion, but rather the warden of the Detention Center in Alabama.

The District of Massachusetts does not have jurisdiction over petitioner's motion because 1) it is no longer petitioner's district of confinement and 2) only a respondent at the Detention Center in Alabama could bring the petitioner before a habeas court. This Court explicitly noted in its April, 2015 Order of Dismissal that the action was dismissed

> without prejudice to the petitioner's renewal of a § 2241 habeas petition in the District to which he is transferred if he is not removed in the reasonably foreseeable future.

Thus, petitioner is free to renew his habeas petition in his current district of confinement. This Court declines to reach the merits of petitioner's Rule 59(e) motion and the motion will be denied for lack of jurisdiction.

### 3. Transfer of Jurisdiction

The Court also notes that petitioner's contention that this Court should transfer this case to the Fifth Circuit Court of Appeals ("the Fifth Circuit") under 28 U.S.C. § 1631 is without merit. That statute only permits this Court to transfer this

case "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Pursuant to 8 U.S.C. § 1252(b), the proper venue for judicial review of immigration proceedings is the circuit court of appeals in which the proceedings took place. This Court does not have the authority to transfer this case to the Fifth Circuit Court of Appeals because petitioner's removal proceedings occurred in the First Circuit not the Fifth Circuit.

### ORDER

For the foregoing reasons, petitioner's motion to amend or alter judgment (Docket No. 27) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 31, 2015